Deaderick, J.,
delivered the opinion of the Court.
In October, 1865, Sheffield obtained a judgment before a Justice of the Peace for Marshall county against Joshua .King and Robert Patterson for $490.90.
The judgment was rendered upon a note for $400.00, due 23d of January, 1862, the $90.90 being the interest accrued thereon up to the time at which the judgment was rendered. The defendants below appealed from said judgment to the Circuit Court.
At the October Term, 1867, verdict and judgment were rendered in favor of plaintiff below against defendants for $400 debt, and damages $113.73, being the interest accrued. A new trial was granted.
The cause was again tried at the February Term, 1869, and resulted in a verdict in favor of King, and *374 against Patterson and Law, the surety in the appeal bond, for $400 debt and $169 damages, making in all $569.
This cause is brought into this Court by writ of error. The only question presented is, could the Circuit Court render judgment for a greater sum upon appeal from a Justice, than the amount of which he had jurisdiction, although at the time of the Justice’s judgment it was for a sum within his jurisdiction. The general rule that the jurisdiction of the Circuit Court, on appeal, is limited to the jurisdiction of the Justice is not questioned. Section 4161 of the Code has application only to trials before a Justice. In the case cited, 9 Yerg., 30, the Justice- had given a judgment on a note for, a sum beyond his jurisdiction, and upon appeal to the Circuit Court, this Court held that the Circuit Court had no jurisdiction.
In the case in 1 Head, 542, a warrant in replevin for a mule valued at $50 in the warrant, that sum being the extent of a Justice’s jurisdiction in replevin, was brought by plaintiff by appeal from the Justice’s judgment to the Circuit Court.
On the trial the judgment was for the defendant in the alternative that on failure of the plaintiff to return the mule, the defendant recover $110, the value of the mule.
This Court said in reversing the judgment: “If the Justice had ño jurisdiction' to render a judgment for plaintiff for more than $50, judgment for a larger sum could not be rendered for defendant; and the jurisdiction of the Circuit Court on appeal being limited *375 to the jurisdiction of the Justice, no judgment could be rendered by the former that might not have been rendered by the latter.
In the case cited the Justice had no jurisdiction to render a judgment against either party for more than $50, and the Circuit Court upon the appeal rendered a judgment for $110, thus exceeding the Justice’s jurisdiction, and rendering a judgment for the same thing, the value of the mule, differing from and exceeding the value put upon it by the Justice.
The ease under consideration is different in this: the Circuit Court find the debt precisely, as the Justice found it, and the Justice in his judgment did not exceed his jurisdiction. The judgment of the Circuit Court is in substance and in fact an affirmance of the Justice’s judgment and not ■ a different judgment. As incident to that substantial affirmance, the law gives the amount of interest which has accrued up to the time of affirmance in the Circuit Court, which, together with the principal, makes an aggregate greater than that of which the Justice has jurisdiction, but in substance and legal effect the judgment of the Circuit Court is identical with that of the Justice, and we affirm it.